## FRANK L. LOVEJOY *vs.* MERCHANTS' STATE BANK.

Opinion filed June 15th, 1896.

#### Conversion by First Mortgagee.

Where the mortgagee, holding a first mortgage, after taking possession of property under his mortgage, sells the same without foreclosure, and at private sale, such sale is a wrongful conversion of the property, and operates to extinguish the lien of the mortgage.

#### Measure of Damages in Conversion by Junior Incumbrances.

Where, in such case, a second mortgagee brings an action against the first mortgagee for the wrongful conversion of the property covered by the two mortgages, his measure of damages is the value of the property converted, modified by the principle of compensation for the actual injury suffered on account of the wrongful conversion.

#### First Mortgagee Can Recoup Value of Special Interest.

In such case the defendant is liable for the value of the property converted, but will be allowed, upon principles of equity, and to avoid circuity of action, to recoup damages to the value of his special interest in or lien upon the mortgaged property. The plaintiff can only recover to the extent of his actual loss.

#### Conversion Without Damage.

Where, in such case, the value of the property sold was less than the amount secured by the defendant's mortgage, and the sale was without fraud, the plaintiff can recover no damages, because he suffers none, as a result of the wrongful act of which he complains.

Appeal from District Court, Cass County; *McConnell,* J.

Action by Frank L. Lovejoy against the Merchants' State Bank for conversion. From a judgment for plaintiff, defendant appeals.

Reversed.

*Newman, Spalding & Phelps,* for appellant.
*S. G. Roberts,* for respondent.

WALLIN, C. J. The important facts in this case are not in dispute, and may be summarized: The defendant held a first mortgage on certain personal property to secure an indebtedness of $1.500. The mortgagor voluntarily surrendered the property

to the mortgagee, and the latter took possession thereof under his mortgage. The defendant did not foreclose the mortgage in any manner, nor attempt to do so, but sold the mortgaged property at private sale for the sum of $1,271.10. The property was sold fairly, and for its full value. The plaintiff is a junior mortgagee, whose mortgage covered the same property, but was made and filed after the defendant's mortgage, and was, in terms, made subject to defendant's mortgage. Plaintiff's mortgage was given to secure an indebtedness of $291.66. After plaintiff's mortgage debt matured, and after defendant had sold the property at private sale, as before stated, the plaintiff demanded the possession of said property from the defendant, but such demand was not complied with. Until such demand was made, the defendant had no knowledge of the existence of plaintiff's mort-gage. The plaintiff, after making the demand, brought this action for the wrongful conversion of the mortgaged property, and recovered a judgment against defendant, in the District Court, for the full amount of the debt secured by plaintiff's mortgage.

The plaintiff's theory is that the sale of the mortgaged property at private sale was a wrongful conversion of the property by the defendant, and that such wrongful conversion operated to extinguish the lien of defendant's mortgage, under the provisions of section 4342, Comp. Laws, which reads, "The sale of any personal property on which there is a lien in satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien." Plaintiff cites, with other authority, *Everett* v. *Buchanan*, (Dak.) 6 N. W. 439, as supporting his contention. Our views are in entire harmony with the plaintiff's contention, to the extent that the sale of the mortgaged property, without a foreclosure of the mortgage, and at private sale, was a wrongful conversion of the property by the defendant, within the meaning of the statute, and that such conversion operated to extinguish the lien of defendant's mortgage. Section 4342, *supra*, embodies an established doctrine of the common law. In selling the mortgaged

property without a foreclosure of the lien, the defendant not only violated express legal requirements regulating foreclosure proceedings, but also wrongfully assumed to deal with the property as owner, without warrant of law. The mortgaged property was wheat, and the defendant's wrongful conversion of it by a private sale placed the plaintiff's security entirely beyond his reach, and thereby wholly destroyed the value of such security to him. For such a wrong an action at law will lie for damages. True, it might perhaps be successfully urged, as against a recovery in this action, that plaintiff, at the time of the unlawful conversion of the wheat, was not in the actual possession thereof, nor entitled to such possession, because he had neither paid nor tendered to the defendant the amount secured by defendant's prior mortgage. Without deciding whether the plaintiff was or was not, for the reasons stated, in a position to bring an action in the nature of trover for conversion, we shall proceed to dispose of the case upon other grounds. Assuming that plaintiff's action will lie for damages for the wrongful conversion, the inquiry arises as to what extent the plaintiff has been injured,—in other words, what is his measure of damages? Reverting to the situation as it existed prior to the sale, we find that the defendant was lawfully in the possession of the property, the same having been voluntarily surrendered to him by the mortgagor. At that time the plaintiff, as a junior mortgagee, was in a position to obtain the possession of the property, and could do so at any time by tendering to the defendant an amount sufficient to discharge the debt secured by the first mortgage, to-wit, $1,500. The wrongful sale deprived the plaintiff of this right, and whatever sum may be necessary to compensate the plaintiff for this injury the law will award as plaintiff's measure of damages. The true measure of damages is actual compensation for the loss suffered by reason of the wrong complained of. 3 Suth. Dam. p. 527, states the rule in conversion as follows: "If the case is such that the plaintiff can be fully compensated by a sum of money less than

N. D. R.—40.

the full value of the property which was converted, the recovery will be limited to the amount that will suffice for complete indemnity. The plaintiff will be confined to compensation commensurate with the actual injury." The same author, on page 525, in speaking of cases where property is converted by lienholders, lays down the rule a follows: "A party who has a lien on, or other special interest in, property, and converts it, is liable to the owner for its value, but is entitled to recoup the value of his special property." See cases cited in note 6. It will be noticed that the rule of damages, as above quoted, presupposes that the primary measure of damages in cases of conversion of personal property is presumed to be the value of the property. This is the measure presumed under the Code (Comp, Laws § § 4603-4605.) But this rule of damages, wherever found, and however expressed, must be interpreted with reference to the underlying principle of compensation. A plaintiff is not in every case necessarily entitled to recover the full value of property wrongfully converted by the defendant. There are many qualifications of the general rule. The case at bar, as will be seen by reference to the cases cited below, is an illustration of one of the modifications of the general rule of damages as stated in the statute.

Coming to the facts in the record, we discover that the defendant, after selling the property fairly, and for its full value, realized, as proceeds of the sale, a sum insufficient to discharge the debt secured by the first mortgage. In the absence of proof, there can be no presumption that the plaintiff, had he sold the property at public sale, could have realized a greater sum. The sum realized by the defendant was the full value of the property. It therefore appears that the plaintiff's right of redemption, which was defeated by the defendant's wrongful sale of the mortgaged property was a right of no pecuniary value to the plaintiff. As to the plaintiff, the wrong was no detriment. To have redeemed from the defendant's mortgage would have required an advance by the defendant of the sum of $1,500. Without such advance,

the plaintiff could not lawfully have obtained possession of the property for the purposes of foreclosure, and plaintiff had no right to the possession for any other purpose. In view of the facts in this case, it conclusively appears that a redemption by the plaintiff from defendant's mortgage would have been attended by financial loss; hence to deprive him of such right certainly did not operate to his financial disadvantage. Without attempting to analyze the cases cited below, all of which will be found to be in point upon the measure of damages, it will suffice to say that the controlling principles which run through them all are these: First, that the rule of damages which declares that the value of the property wrongfully converted is presumed to be the measure of damages must be construed in the light of the principle of compensation; second, where a party, who has a lien on, or other special interest in, property, wrongfully converts it, he is liable for the value of the property, but is nevertheless, upon principles of equity, and to avoid circuity of action, entitled to recoup the value of the special property, and he may likewise mitigate the damage by limiting the plaintiff's recovery to an amount which will compensate him for the actual loss resulting from the conversion. Ample authorty for our views will be found in the cases cited: *Tobener* v. *Hassinbusch,* 56 Mo. App. 591; *Cushing* v. *Seymour,* (Minn.) 15 N. W. 249; *Wheeler* v. *Pereles* 43 Wis. 333; *Treadwell* v. *Davis,* 34 Cal. 601; *Jarvis* v. *Rogers,* 15 Mass. 389; *Kearney* v. *Clutton,* (Mich.) 59 N. W. 419; *Russell* v *Butterfield,* 21 Wend. 300; *Porter* v. *Parks,* 49 N. Y. 564; *Brink* v. *Freoff,* 40 Mich. 610; *Stearns* v. *Marsh,* 4 Denio, 227; *Belden* v. *Perkins,* 78 Ill. 449; *Fisher* v. *Brown,* 104 Mass. 259; *Faeth* v. *Leary,* (Neb.) 36 N. W. 513; Bigelow, Lead. Cas. Torts, 436; 26 Am. and Eng. Enc. Law, 823, note 1; *Manufacturing Co.* v. *Gray,* (Colo. Sup.) 34 Pac. 1000; *Rosenzweig* v. *Frazer,* 82 Ind. 342; *Shaw* v. *Ferguson,* 78 Ind. 547; *Gruman* v. *Smith,* 81 N. Y. 25; *Work* v. *Bennett,* 70 Pa. St. 484; *Whitney* v. *Beckford,* 105 Mass. 267; *Smith* v. *Savin,* 141 N. Y. 315, 36 N. E. 338; *Pyeatt* v. *Powell,* 2 C. C. A. 317, 51 Fed. Rep. 551. In the case of *Everett* v. *Buchanan,* cited by

respondent's counsel, there was no attempt to discuss any measure of damages in cases of conversion nor was the question of damages considered in either of the cases cited in support of that opinion. That was an action of claim and delivery, and the court held that the purchaser of mortgaged property at private sale was a wrongdoer, and that he could not avail himself of the lien which his vendor once had, but which had been extinguished by the private sale. As has been seen, we fully concur in what was said in *Everett* v. *Buchanan*, concerning the effect of a private sale by the mortgagee of chattels. Such sale will extinguish the lien of the mortgage.

The questions presented in the record are of considerable nicety, and, it must be conceded, are by no means free from logical difficulties. In cases arising since the adoption of the Revised Codes, the statute may perhaps simplify the procedure in this class of cases. See Rev. Codes, § 4695. In view of what has already been said, and of the principles enunciated by the cases we have cited, it follows that the judgment of the court below should be reversed, and such reversal will be directed by this court. All the judges concurring.