EMILY P. FARRAR *vs.* WILLIAM A. PAINE & another.

Suffolk.   November 9, 1898. — March 3, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Conversion — Broker — Damages — Recoupment — Lien.*

In an action against a broker for the conversion of shares of stock held as margin for a purchase ordered by the plaintiff, who was called upon for additional margin which he failed to furnish, the defendant, who thereupon sold the purchased stock at a loss and afterwards the margin, is entitled to be allowed the sum due in respect of his purchase.

TORT, for the conversion of five shares of stock. Answer, a general denial. Trial in the Superior Court, without a jury, before *Sheldon,* J., who found for the plaintiff, assessing damages in the sum of $1.81 ; and the plaintiff alleged exceptions, which appear in the opinion.

The case was argued at the bar in November, 1898, and afterwards was submitted on briefs to all the justices.

*C. W. Rowley,* for the plaintiff.

*C. E. Hellier,* for the defendants.

HOLMES, J. This is an action for the conversion of five shares of stock. We assume, for purposes of decision, that the conversion is to be taken as established by the finding,

and the question raised by the bill of exceptions is whether the judge who tried the case was right in allowing the defendants to recoup damages to which they have been found entitled, and which they contend arose out of the same transaction. The defendants are brokers, and held the stock as margin for a purchase ordered by the plaintiff. They called on the plaintiff for additional margin, which she failed to furnish, and thereupon they sold the purchase at a loss and afterwards the margin. Their claim is for the sum due them in respect of their purchase.

The case has been argued as a case of recoupment, and, if that were the proper way of regarding it, it might be difficult to maintain that the defendants' claim arose out of the same transaction as the plaintiff's, within the meaning of the rule by which recoupment is allowed. For it might be objected that to maintain her claim for the conversion of her property the plaintiff does not rely upon her contract with the defendants, directly or indirectly. She stands on her title. See *Fletcher* v. *Harmon*, 78 Maine, 465, 470 ; *Taggard* v. *Curtenius*, 15 Wend. 155. In *Carey* v. *Guillow*, 105 Mass. 18, the plaintiff's injury arose out of and by reason of an exchange of horses, and that which the defendant was allowed to prove arose out of the same exchange.

But, as is pointed out in Sedg. Damages, (8th ed.) § 1069, the defendants' claim in a case like this is not recoupment properly so called. The defendants had an interest in the property to the extent of the sum due them for which the property was held as security, and as against them the plaintiff to that extent was not entitled to compensation. There are numberless decisions that when pledgees, mortgagees, or persons having a lien convert a pledged chattel by selling it in an unauthorized way, they are entitled to retain the amount of their lien. *Fowler* v. *Gilman*, 13 Met. 267. *Briggs* v. *Boston & Lowell Railroad*, 6 Allen, 246, 253. *Fisher* v. *Brown*, 104 Mass. 259, 262. *Halliday* v. *Holgate*, L. R. 3 Ex. 299. *Work* v. *Bennett*, 70 Penn. St. 484. *Stearns* v. *Marsh*, 4 Denio, 227. Sedg. Damages, (8th ed.) §§ 80, 82, 1069.

It is objected that the allowance to the defendants was not warranted by the pleadings. *Hodgkins* v. *Moulton*, 100 Mass. 309, 312. *Jackman* v. *Doland*, 116 Mass. 550. A sufficient an-

swer is, that the cases on recoupment do not apply, and that the judge evidently was ruling on the substantive law, as his attention was not called to the pleadings.

*Exceptions overruled.*