(116 N. W. 94.)

---

LEVI E. FORCE v. THE PETERSON MACHINE COMPANY.

Opinion filed April 3, 1908.

**Chattel Mortgage — Conversion by Mortgagee Extinguishes Lien.**

1. A mortgagee in a chattel mortgage, who sells the property mortgaged without foreclosure, is guilty of a conversion of the property, and the lien of the mortgage is extinguished.

**Same — Sale Without Foreclosure — Damages.**

2. Where the mortgagor sues the mortgagee for damages for a wrongful sale without foreclosure, in such cases the mortgagee may plead and show the amount due on the lien of the mortgage in mitigation of damages growing out of the wrongful conversion.

**Same — Pleading.**

3. The right to show the existence of liens in such cases is based upon equitable principles, but the rules of pleading in equity cases do not apply.

**Same — Counterclaim.**

4. The right to plead the existence of liens on the property when the conversion took place is not based upon the statute defining what matters may be pleaded as counterclaims.

Appeal from District Court, McLean county; *Winchester, J.*

Action by Levi E. Force against the Peterson Machine Company. Judgment for plaintiff, and defendant appeals.

Reversed and remanded.

*Turner & Wright,* for appellant.

Where property is converted by the lienee, the lineor can recover the value of the property converted less the amount due on the lien. Lovejoy v. Bank, 5 N. D. 623, 67 N. W. 956; Suth. Dam. 525; Angell v. Egger, 6 N. D. 391, 71 N. W. 547; Clendening v. Hawk, 8 N. D. 419, 79 N.W. 875; Wright v. Bank, 18 N. E. 79, 1 L. R. A. 289; Howery v. Hoover, 66 N. W. 772; Jones v. Horn, 9 S. W. 309; Gauche v. Milbrath, 69 N. W. 999; Brink v Freoff, 6 N. W. 94; Daggett v. McClintock, 22 N. W. 105; Rall v. Cook, 43 N. W. 1069; Pierce v. Underwood, 61 N. W. 344; Van Worden v. Winslow, 76 N. W. 87; Cushing v. Seymour, 15 N. W. 249; Deal v. Osborne, 43 N. W. 835; Powell v. Gagnon, 53 N. W. 1148.

*M. C. Spicer* and *Geo. P. Gibson,* for respondent.

Sale or conversion of personal property subject to a lien, in satisfaction of the claim, thereby extinguishes the lien. Rev. Codes 1905, section 6145; Lovejoy v. Bank, 5 N. D. 623, 67 N. W. 956; Everett v. Buchanan, 2 Dak. 249, 6 N. W. 439.

Tort action cannot be set up as a counterclaim to an action on contract, nor vice versa. Wrege v. Jones, 13 N. D. 267, 100 N. W. 705; Braithwaite v. Aiken, 3 N. D. 365, 56 N. W. 133; Tallman v. Barness, 11 N. W. 478; Brugmann v. Burr, 46 N. W. 644; Jones v. Swank, 55 N. W. 1126; Schmidt & Miller v. Beckenbak, 12 N. W. 349.

Before equity will assist, the party must plead all his rights to the counterclaim, and that he has done, or is ready to do equity. Braithwaite v. Akin, supra; Clark v. Sullivan, 2 N. D. 103, 49 N. W. 416; Woff v. Jasspon, 85 N. W. 260; Munger v. Bank, 85 N. Y. 588; Smith v. Dickenson, 76 N. W. 766; Pendleton v. Beyer, 68 N. W. 415; Seligmann v. Heller Bros. Clothing Co., 34 N. W. 232; Becker v. Northway, 46 N. W. 210; 25 Enc. Law (2d Ed.) 543; 19 Enc. Pl. & Pr. 764.

MORGAN, C. J. Action for damages for an alleged wrongful conversion of personal property. The complaint alleges that the plaintiff gave the defendant a chattel mortgage on personal property to secure a debt of $341.30 evidenced by a promissory note due April 1, 1904; that the defendant wrongfully took possession of said property on March 11, 1905, and sold the same at a pre-

tended foreclosure sale at a place not designated by the county commissioners of the county as a place for the sale of mortgaged chattels on mortgage foreclosures; and that defendant thereafter sold the property by private sale to a third party. Damages are demanded for $2,000, the alleged value of the chattels when the conversion took place. The invalidity of the foreclosure sale is not denied. The answer, however, sets forth three counterclaims against the damages shown by the complaint. These counter claims are based upon three mortgage liens held by the defend-ant upon the property alleged to have been converted at the date of the conversion. The aggregate amount of these liens is the sum of $673.73, with interest. The plaintiff demurred to the answer on the ground that the facts alleged therein do not constitute legal counterclaims. The trial court sustained the demurrer, and de-fendant has appealed from the order sustaining the same.

The grounds urged in favor of the demurrer are (1) that the lien of the mortgage had been extinguished by the invalid fore-closure, and in consequence thereof no counterclaim is sustainable; (2) that the answer does not state a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action, as required by subdivision 1, section 6860, Rev. Code 1905, relating to counterclaims; (3) that the insolvency of the plaintiff is not alleged. We are unable to agree with either of these contentions. They do not represent the correct theory un-der which parties who are guilty of conversion of property on which they had valid liens are permitted to offset such liens against dam-ages caused by conversion. These liens are allowed as offsets in mitigation of damages merely. They are not deemed to be counterclaims within the meaning of said section 6860, and the right to plead the liens for this purpose is in no way dependent upon said section. Since the revision of 1895 the right to offset liens in this manner is statutory. Section 6145, Rev. Codes 1905, provides: "The sale of any property on which there is a lien in satisfaction of the claim secured thereby, or, in case of personal property its wrongful conversion by the person holding the lien extinguishes the lien thereon; provided, however, that in an ac-tion for the conversion of personal property the defendant may show in mitigation of damages the amount due on any lien to which the plaintiff's rights were subject, and which was held or paid

by the defendant or any person under whom he claims." The right to set forth these liens in the answer is therefore an absolute right, in no way contingent upon showing the insolvency of the plaintiff. The statute also grants this right to offset liens once existing on the theory that the lien is extinguished by the conversion. Because the authorities sometimes speak of this right as based upon equitable principles or considerations, it should not be taken or understood as meaning that the defense is not available, unless the pleading complies with the rules of equity pleadings. Since the statute now permits such liens to be shown in mitigation of damages, it will serve no useful purpose to cite precedents which generally sustained this principle before the statute was enacted. It was the rule in this court before the statute was passed. Lovejoy v. Bank, 5 N. D. 623, 67 N. W. 956.

The order is reversed, and the cause remanded for further proceedings. All concur.