JOHN MILLER COMPANY, a Corporation, Plaintiff, v. HARVEY MERCANTILE COMPANY, Ltd., a Corporation, Sayre, Strong, Grain & Merchandise Company, a Corporation, Calgary Colonization Company, a Corporation, H. H. Phillips, A. J. Sayre, L. P. Strong, T. L. Beiseker, James T. Morris, Individually and as Trustee for the Corporations Hereinafter Named, Creditors of the Harvey Mercantile Company, Ltd., a Corporation; Tibbs, Hutchins, & Company, a Corporation; Empire Cream Separator Company, a Corporation; Marshall, Wells Hardware Company, a Corporation; Great Northern Implement Company, a Corporation; Northern Shoe Company, a Corporation; Pure Oil Company, a Corporation; Standard Oil Company, a Corpora-

tion; Singer Sewing Machine Company, a Corporation; International Harvester Company, a Corporation; Winston, Harper, Fisher Company, a Corporation; Patterson & Stevenson Company, a Corporation, also Known as T. W. Stevenson Company, a Corporation; Stacy Mercantile Company, a Corporation; F. Mayer Boot & Shoe Company, a Corporation; Twin City Separator Company, a Corporation; Northwestern Bedding Company, a Corporation; Miller, Watt, & Company, a Corporation, Defendants.

(178 N. W. 802.)

**Judgment — cause of action may be used for offense or defense but not for both.**

1. One who possesses a cause of action which may be used affirmatively, or as a defense, may use it for purposes of offense or defense, but he cannot do both, when it serves thereby to compel the obligor of the debt to answer or respond twice for the same claim.

**Action — election of remedies — judgment — two inconsistent remedies cannot be asserted; causes may not be split.**

2. One may not assert and enforce two inconsistent modes of redress, and one may not split up his cause of action so as to compel thereby the obligator of the debt to answer or respond twice for the payment of the same claim.

**Judgment — effect of enforcement of lien founded on debt as merging cause of action stated.**

3. One may not claim a share of the same debt for the same amount without class because preferred, and then again within such class because not preferred. If, in resulting effect, one secures and enforces a lien including the debt, there is a merger of the cause of action for the enforcement of the original debt alone.

**Judgment — when plea of res judicata available stated.**

4. The bar or plea of *res judicata* is available between the same parties and their privies upon every question, issue, claim, and defense presented in a former suit.

**Judgment — use of debt as defense to action by third party held to estop enforcement.**

5. In an action of sequestration, where the plaintiff seeks to recover on its debt, evidenced by a judgment, out of the assets of an alleged insolvent corporation, alleged to have been transferred unlawfully and preferentially, and upon the liability of the officers and directors of such corporation, by reason

thereof; and where it appears that the debt upon which recovery is sought was formerly evidenced by certain notes secured by chattel mortgages upon certain elevator property, and that, in an action of conversion of such property brought by one of the defendants, claiming title through a bill of sale from such alleged insolvent corporation, the plaintiff asserted in defense the same debt, the lien of its chattel mortgages, and the unlawful preferential character and the illegality of the transfer so made through a bill of sale, without consideration, all to defeat the right of such defendant in the conversion action; and where, further, it appears that, by reason thereof, the plaintiff asserted and enforced the same debt, or some part thereof, and the lien of its mortgages beyond mere mitigation of damages,—it is *held*, upon the principles of law hereinbefore stated, that the plaintiff is estopped to enforce this same debt in such action.

Opinion filed May 18, 1920.    Rehearing denied June 15, 1920.

Action in the nature of sequestration proceedings in District Court, Wells County, *Coffey*, J.

From a judgment of dismissal the plaintiff has appealed and demands a trial *de novo*.

Affirmed.

*Pierce, Tenneson, & Cupler,* for plaintiff.

A second mortgagee may maintain an action for conversion against the first mortgagee for the wrongful conversion of the property covered by two mortgages, and recover as damages the value of the property converted, up to the amount due on his lien, less the amount due upon the prior liens held by the first mortgagee.   Lovejoy v. Bank, 5 N. D. 623, 67 N. W. 956.

If, in this case, it appeared that the amount of defendant's mortgage liens exceeded the value of the property, then plaintiff would have suffered no damage, and direction of a verdict against him would have been proper.   Clendening v. Hawk, 8 N. D. 423; Cook v. Loomis, 26 Conn. 483; Chamberlin v. Shaw, 18 Pick. 278; Brewster v. Silliman, 38 N. Y. 423; Reynolds v. Shuler, 5 Cow. 323; Stone v. Chicago, M. & St. P. R. Co. 53 N. W. 191; Force v. Peterson Mach. Co. 17 N. D. 222.

Although an insolvent corporation may, as a general rule, prefer certain of its creditors, and its assets are not, to that extent, a trust

fund in the hands of its directors, such assets are a trust fund as against the individual claims of the directors themselves.

3 Clark & M. Corp. § 786, pp. 2411, 2419; 8 Thomp. Corp. § 6207, p. 683; Buck v. Ross, 68 Conn. 29, 57 Am. St. Rep. 60 and note pp. 66, 77, 78; Bosworth v. Allen (N. Y.) 55 L.R.A. 761.

These courts declare a preference to a creditor who is also a director or managing officer of the corporation illegal and void. Tatum v. Leigh, 136 Ga. 791, 72 S. E. 236, Ann. Cas. 1912D, 216; Beach v. Miller, 130 Ill. 162, 17 Am. St. Rep. 291 and note, 22 N. E. 464; Warren v. Columbus First Nat. Bank, 149 Ill. 9, 25 L.R.A. 746, 38 N. E. 122; Atlas Nat. Bank v. More, 152 Ill. 528, 43 Am. St. Rep. 274, 38 N. E. 684; Illinois Steel Co. v. O'Donnell, 156 Ill. 624, 31 L.R.A. 265, 41 N. E. 185, 47 Am. St. Rep. 245; Blair v. Illinois Steel Co. 159 Ill. 350, 31 L.R.A. 269, 42 N. E. 895; Campbell Printing Press, etc., Co. v. Marder, 50 Neb. 283, 61 Am. St. Rep. 573, 69 N. W. 774; National Wall Paper Co. v. Columbia Nat. Bank, 63 Neb. 234, 56 L.R.A. 121, 88 N. W. 481; Hill v. Pioneer Lumber Co. 113 N. C. 173, 21 L.R.A. 560, 37 Am. St. Rep. 621, 18 S. E. 107.

The prevailing rule is that the property of an insolvent corporation is a trust fund in such a sense as to preclude the directors and officers of the corporation from dealing with it in such a manner as to secure preference for themselves. Note to Buck v. Ross, 57 Am. St. Rep. pp. 77, 78.

A corporation may, in the absence of actual fraud, prefer bona fide debts due its directors. Note to Furber v. Williams-Fowler Co. (S. D.) 15 Ann. Cas. 1221.

The rule applies to debts of the corporation for which the officers or directors are liable as sureties or guarantors. National Wall Paper Co. v. Bank, 56 L.R.A.(N.S.) 121; Blair v. Illinois Steel Co. (Ill.) 31 L.R.A. 269; 5 Thomp. Corp. p. 5128, § 6503. See also Taylor v. Mitchell (Minn.) 83 N. W. 418.

*Bangs & Robbins,* for respondents.

*F. B. Dodge* and *Edward P. Kelly,* for Geo. V. McLaughlin and H. B. Murphy, executors of the estates of James T. Morris, deceased, and the defendant creditors of the Harvey Mercantile Company, Ltd., defendants and respondents.

*Bangs & Robbins,* for Harvey Mercantile Company, Ltd.

If the defendant makes use of the claim against the plaintiff as a set-off or counterclaim, the same is disposed of by the judgment rendered in that action; he cannot split the demand, using part of it as a set-off or counterclaim and the balance to sue upon a separate action. 23 Cyc. 1163–1201 et seq.; 1 Van Fleet, Former Adj. 438; 15 Standard Enc. Proc. 546; 1 Sutherland, Damages, 3d ed. 186, 187, 189; Freeman, Judgm. 224–277; Inslee v. Hampton, 11 Hun, 171; S. Del. Villamil v. Merced, 152 C. C. A. 136, 239 Fed. 86; Evans v. Maskey, 189 Ala. 283, 66 So. 3; House v. Donnelly, 7 Ala. App. 267, 61 So. 18; Brown v. Bank, 66 C. C. A. 293, 132 Fed. 450; Watkins v. Bank, 67 C. C. A. 110, 134 Fed. 36; Hagle v. Smith, 136 Iowa, 32, 113 N. W. 556; O'Connor v. Varney, 10 Gray, 231; Biere v. Fritz, 37 Kan. 27, 14 Pac. 558; Richards v. Randall, 4 Gray, 53; Sargent v. Fitzpatrick, 4 Gray, 511; G. T. M. Co. v. Farmer, 27 Minn. 428, 8 N. W. 441.

Where a purchaser sets up a breach of warranty as a defense to one of a series of notes given for purchase price of a machine, he cannot set up such breach as a defense to subsequent suits on the other action. Geiser Mach. Co. v. Farmer, 27 Minn. 428, 8 N. W. 144; Furneaux v. Bank, 39 Kan. 144, 17 Pac. 852; Knorr v. Reaper Co. 23 Neb. 636; Case Mfg. Co. v. Moore, — N. C. —, 10 L.R.A.(N.S.) 734, 57 S. E. 213.

Any action brought to enforce the liability created by § 4544 is premature until the happening of the event which imposes the liability upon the defendants. Topeka Paper Co. v. Publ. Co. 7 Okla. 220, 54 Pac. 455; Swaford Bros. v. Owens, 37 Okla. 616, L.R.A.1916C, 189, 133 Pac. 193.

BRONSON, J. *Statement.*—This is an action in the nature of a statutory sequestration proceeding. The plaintiff has appealed from a judgment of dismissal. This case was before this court formerly upon an appeal from an order overruling a demurrer to the complaint. 38 N. D. 531, 550, 165 N. W. 558. This court then held the complaint to state a cause of action in that it not only charged preferential conveyances made, but also a joint scheme and conspiracy to place property and assets of the Harvey Mercantile Company beyond the reach of

the plaintiff and other creditors similarly situated, and to divide such assets among certain persons. It is unnecessary to restate the allegations of the complaint rather fully stated in the former opinion, to which reference is made. The plaintiff's cause of action is grounded upon two claims:

A judgment for $6,605.50 rendered July 23, 1912, upon which there is a claimed balance of $4,665.38 and interest, and a judgment for $567.49 rendered February 23, 1913,—both against the Harvey Mercantile Company, a corporation.

After the determination of the former appeal the defendants, including the Harvey Mercantile Company and other creditors concerned, interposed answers, wherein the judgment of $567.49 and interest is admitted to be due and owing, but, concerning the larger judgment, it is alleged that there is nothing due thereon. In this regard it is alleged that in May, 1913, one Phillips, a defendant herein, instituted an action against the plaintiff herein to recover $6,000 damages for the conversion of certain twin elevators at Harvey, formerly owned by the Harvey Mercantile Company; that in such action plaintiff asserted, by way of counterclaim and equitable set-off to defeat such conversion actions, the indebtedness and certain chattel mortgages upon such elevators which stood as security therefor; that such indebtedness was reduced to the larger judgment herein by an action at law; that by reason thereof such larger judgment was barred and paid. It appears in the record that in October, 1909, the Harvey Mercantile Company gave certain notes to this plaintiff; that to secure the same, in August and September, 1910, it executed certain chattel mortgages on its one-half interest in the elevator property mentioned. That subsequently, in January, 1912, this Mercantile Company conveyed by bill of sale its interest in the elevator to one Stricker, who thereafter, on March 21, 1912, likewise conveyed by bill of sale to Phillips, who thereupon took possession. In April, 1912, this plaintiff commenced an action against the Mercantile Company to recover judgment on such notes, and under a writ of attachment seized the elevator property, through the sheriff, from the possession of Phillips. In July, 1912, judgment was rendered on such notes for $6,605.50. In August, 1912, the elevator property was sold under the attachment and a special execution

upon the judgment for $2,000. This amount was credited upon the judgment.

In this action, instituted by Phillips, judgment was finally rendered, in August, 1914, dismissing the action upon the findings, generally stated,—that this plaintiff was entitled to offset and recoup any claim of Phillips to the full amount of the debt secured by such chattel mortgages; that the amount of the debt so secured far exceeded the value of the property, as found by the court to have been converted by the defendants; that Phillips suffered no damage through that conversion; that the bills of sale made by the Mercantile Company and Stricker were made without consideration, and in order to secure Phillips for the amount of certain indebtedness of the Harvey Mercantile Company personally guaranteed by him and for which he claimed to be personally liable. That such bills of sale were made in violation of the penal statutes of the state concerning the sale and transfer of mortgaged personal property without the consent of the mortgagor.

This action herein was instituted in April, 1916. It came on for trial in July, 1919. Before the introduction of any evidence, the defendants moved to dismiss the action upon the grounds, generally stated, that the larger judgment in question had been satisfied and discharged prior to the commencement of this action through using the same as a defense and set-off in the Phillips action; that this action was prematurely brought before the dissolution of the Mercantile Corporation and was furthermore barred by the Statute of Limitations enacted pursuant to chapter 100, Sess. Laws 1919. Before the trial court disposed of the motion, the defendants tendered in open court $825 in payment of the small judgment, together with the taxable costs, and a deposit was made with the clerk of court of such amount. The defendants also requested the trial court to take judicial notice of its action and proceedings in the Phillips case, and offered in the record the judgment roll of the Phillips case. The court finally sustained the motion of the defendants, and thereupon findings were made for the dismissal of the action upon which the judgment herein has been rendered. The plaintiff demands a trial de novo.

Questions.—The plaintiff challenges the action of the trial court upon the following questions:

1. Is the larger judgment barred by reason of its assertion as a defense in the Phillips conversion suit?

2. Is the action barred under the Statute of Limitations contained in chapter 100, Sess. Laws 1919?

3. Can the present causes of action be maintained under §§ 4543 and 4544, Comp. Laws 1913, prior to a dissolution of the corporation by a judgment of court?

*Contentions.*—Concerning the first question the plaintiff maintains that there was not an assertion of the larger judgment in the Phillips conversion action as a counterclaim or set-off, but merely the pleading thereof in mitigation of damages as expressly provided by law; that the bar or plea of *res judicata* cannot be used in this action, where the Mercantile Company was not a party in the Phillips conversion action; that, furthermore, in the Phillips conversion action, Phillips had no right nor title upon which to maintain conversion by reason of the invalidity of the transfer to him, and that in any event Phillips suffered no damage, because the interest in the elevators to which he succeeded under the bills of sale was of no value because less than the amount of plaintiff's liens thereupon.

On the other hand, the defendants contend, upon familiar principles of law, that one may not split his cause of demand and may not first use the same as a defense and thereafter as a sword. That in the Phillips action the plaintiff did use this debt, which is the gist of the action, as a defense to defeat Phillip's cause of action, and now seeks again to use this same debt in an affirmative action to compel payment from the defendants, including Phillips, covering a benefit which it has already received through the assertion of its defense in the Phillips action.

*Opinion.*—The defendants have duly tendered payment of the smaller judgment. Fairly and frankly, upon oral argument the plaintiff's counsel practically concede that an issue of law is alone presented; that, if the larger judgment be not enforceable, the judgment of the trial court should be affirmed.

It is evident, that the main purpose of this action is to enforce collection of *the debt* evidenced by the larger judgment.

Prior to its reduction to judgment, *this debt* was evidenced by

promissory notes and chattel mortgages securing the same upon the elevator property concerned.

Prior to the institution of the Phillips conversion action, proceedings had been begun and were restrained to foreclose the lien of such chattel mortgages. Thereupon the action at law was instituted to recover on such notes and the elevator property in question attached. The larger judgment herein was secured. Pursuant thereto, this elevator property, under attachment and execution proceedings, was sold; through such action, Phillips was dispossessed of the elevator property, and the same was sold to this plaintiff for $2,000, which amount was credited upon the judgment at law.

When Phillips instituted the conversion action what rights and remedies did this plaintiff then possess? At that time the acts, of which the plaintiff complains in this proceeding, had occurred. The debt evidenced by this larger judgment was then unpaid except as to the amount of $2,000. The preferential conveyances and dispositions of the property of the Harvey Mercantile Company, if unlawful, had then been made. The acts and liabilities of the directors and officers of such Mercantile Company, including that of Phillips, had then occurred and accrued. At that time the plaintiff might then have maintained this action to enforce the collection of its larger judgment against the defendants, including Phillips, just as it now seeks to maintain it. Such action, if maintainable then, would have reached, through sequestration proceedings, the property of the Mercantile Company, including that which was transferred to Phillips under the bills of sale questioned.

The bills of sale in question were made prior to the attachment and judgment secured at law by the plaintiff.

Clearly this plaintiff, relying solely upon such judgment at law, was liable to Phillips for conversion, unless, in defense, it could show that the lien of its mortgages defeated Phillips' interest, or that the elevator property so sold in fact and in equity still was the property of the Mercantile Company.

Did this plaintiff then use this affirmative cause of action, then existing, and this debt, then evidenced by the larger judgment, as a shield to protect itself in the possession of the elevator property secured under the execution proceedings? The plaintiff maintains that it

simply used this debt, secured by a lien, in mitigation of damages as the statute permitted, and that this, in and of itself, defeated Phillips' right to recover, because he had suffered no damages. This the plaintiff had the undoubted right to do. Lovejoy v. Merchants' State Bank, 5 N. D. 623, 627, 67 N. W. 956; Clendening v. Hawk, 8 N. D. 419, 423, 79 N. W. 878; Force v. Peterson Mach. Co. 17 N. D. 220, 222, 116 N. W. 84; Comp. Laws 1913, § 6721. It served, also, to deny to Phillips any recovery in damages, because the lien of such mortgages exceeded the value of this interest in the premises. Kohn v. Davis, 36 C. C. A. 253, 94 Fed. 288, 293; Farrar v. Paine, 173 Mass. 58, 53 N. E. 146. This right, independent of statute, was formerly recognized by the courts of this state equitably. See Lovejoy v. Merchants' State Bank, supra; Force v. Peterson Mach. Co. 17 N. D. 220, 222, 116 N. W. 84. This right, however, whether statutory or equitable, has not been extended so as to include the right to require the obligor of a debt to pay it twice. 23 Cyc. 1206.

Did the plaintiff in this action assert in the Phillips conversion action, beyond the mere defense of mitigation of damages, the affirmative cause of action (which is the basis of this action) to defeat such conversion action? This court so finds. In that action this plaintiff asserted the full amount of its debt, the present larger judgment. It asserted its lien through the chattel mortgages given to secure the same, to the full amount thereof. It asserted the position and status of Phillips and the purposes for which it was claimed that the bills of sale were illegally made to Phillips, both contrary to law concerning chattel mortgages and for purposes of creating unlawful preferences, and to hinder, delay, and defraud creditors, particularly this plaintiff, in the collection of its *debt*.

If such defense had not been asserted, Phillips would have prevailed in the conversion action. The plaintiff, however, would not have been precluded from maintaining this action or an action to enforce this debt which would reach and extend even to the property that Phillips would have received through such conversion action. *Its debt,* the present judgment, then would have remained wholly uncollected without any attempt having been made to assert its causes of action or modes of redress to enforce the same. Its defenses, in the Phillips action, are not answered by the contention that Phillips really had no interest

in the elevator property, and that the title which was concluded by the execution proceedings was simply the title of the Harvey Mercantile Company. In order to enforce its debt, the larger judgment, this plaintiff then possessed, under the circumstances, certain definite rights and remedies.

To defeat the right of Phillips and the conversion action it necessarily had to assert either its lien through the chattel mortgages, or the unlawful preferential character or the illegality of the transfer. It could enforce its lien and its debt as to this elevator property by asserting a lien, or it could enforce or seek to enforce its debt without the lien, but it could not adopt inconsistent modes of redress. If, in resulting effect, it enforced its lien, including the debt, it merged the cause of action on the original debt. 23 Cyc. 723. See Miller v. Little, 37 N. D. 612, 616, 164 N. W. 19. The fact that the use of these defenses comprehended and included the right to mitigate damages as permitted by the statute does not permit the plaintiff to escape the effect of the full assertion of such defenses.

By reason of its defense it secured and retained this elevator property which it could not have secured and retained under the sheriff's sale proceedings alone. To so secure and retain this property it saw fit to use the entire debt evidenced by the larger judgment and some of its affirmative cause of action then existing. The value of the property so obtained is undetermined by the findings of the court. It may have been equal to the entire amount of the debt. It may have been considerably less. In any event this plaintiff then realized and it secured an enforcement and a benefit under and concerning *its debt,* this larger judgment.

We are of the opinion that it is now barred and precluded from enforcing the collection of this debt upon its affirmative cause of action by reason thereof. The familiar principles of law apply, that causes of action may not be divided, and that one who has availed himself of a part of a single claim or obligation in an action or defense is estopped thereafter from enforcing the remainder of it. 23 Cyc. 1174, 1202. This follows the famous expression of Chief Justice Shaw in O'Connor v. Varney, 10 Gray, 231, that one cannot use the same defense first as a shield and then as a sword. 23 Cyc. 1163, 1201; Brown v. First Nat. Bank, 66 C. C. A. 293, 132 Fed. 450; Watkins v. American Nat.

Bank, 67 C. C. A. 110, 134 Fed. 36; Warburton v. Trust Co. of America, 105 C. C. A. 201, 182 Fed. 769, 775; Wagner v. Kohn, 140 C. C. A. 592, 225 Fed. 718, 722. This is simply the application of an equitable rule, that one should not be compelled to answer or be required to pay twice for the same claim. It may also be noted that, in the Phillips conversion action, the plaintiff asserted its right to retain and hold the elevator property, because it was a preferred creditor by reason of its chattel mortgage liens. In this action upon the same debt and for the same amount it asserts its right to maintain such action on such debt, because a general creditor. Well may it be asserted, upon similar principles, that one may not claim to share on the same debt and for the same amount without a class, because preferred, and then again within such class, because not preferred. One may not assert and enforce two inconsistent modes of redress. Roney v. H. S. Halvorsen Co. 29 N. D. 13, 20, 149 N. W. 688. Clearly the defendants in this action are entitled to assert the bar or plea of *res judicata* in the Phillips action. 23 Cyc. 1206; Miller v. Belvy Oil Co. 160 C. C. A. 223, 248 Fed. 83.

If, in the application of such principles, the want of full satisfaction accrues to the plaintiff, it is only because of its own actions, deliberately taken, in choosing the method of enforcing its claims and demands. The decision of this court upon the first question renders it unnecessary to consider the other two questions propounded. The judgment accordingly is affirmed, with costs to the respondent.

ROBINSON, J., concurs.

GRACE, J. I concur in the result.

BIRDZELL, J. (dissenting). I dissent. This is an equitable sequestration proceeding. The case was before this court once before on an appeal from an order overruling a demurrer to the complaint (38 N. D. 531, 165 N. W. 558), and it was then held that the complaint stated a cause of action. Thereafter answers were filed by the defendants, and the matter came on for trial in the district court. Before the tak-

ing of any evidence, however, the defendants moved that no evidence be received, and the trial court, taking notice of its records in other litigation, sustained the motion. Later, findings of fact and conclusions of law were signed and a judgment of dismissal entered. This appeal is from the judgment. So the case is not here for review of any disputed questions of fact, and involves merely the proper application of equitable principles.

Under the opinion of Mr. Justice Bronson it is held, first, that the plaintiff is precluded from maintaining this action on behalf of itself and the other general creditors of the Harvey Mercantile Company, because in a prior conversion action by Phillips against this plaintiff it asserted its lien on the property converted in mitigation of the damages claimed by Phillips, which lien was supported by the same judgment that the plaintiff relies upon here; and, second, that the plaintiff is precluded by reason of having so previously asserted its lien as to place itself in the position of a preferred creditor. It is said that, having placed itself in that position, it is now precluded from sharing with other possible general creditors on any portion of its indebtedness, because of a supposed inconsistency in the means of redress adopted. I am unable to concur in the holding upon either of these two propositions.

The reasons actuating the dissent upon these two propositions are, briefly stated, as follows: The findings in the conversion action show that Phillips had not been damaged, because the amount of the indebtedness for which the converted property was security was in excess of the value of the property, from which it would follow that Phillips had no equity. The finding is that the value of the elevator property was and is several thousand dollars less than the lien of the chattel mortgage. In these circumstances, it seems to me that equity requires only that the defendants in this action be given the benefit of the full value of the property taken by the John Miller Company in the manner indicated, and that this be applied upon the indebtedness. In other words, that the value of the converted property be applied to reduce plaintiff's indebtedness *pro tanto*. It must be remembered that the plaintiff used its indebtedness in the conversion action only for the purpose of mitigating damages, and not for the purpose of a counterclaim or offset upon which it would have been entitled to an affirmative judgment.

See 1 R. C. L. 343; Huffman v. Knight, 36 Or. 581, 60 Pac. 207; Gahlert v. Quinn, 35 Mont. 457, 119 Am. St. Rep. 864, 90 Pac. 168. Neither is it apparent to me that the plaintiff, by relying upon the security it held upon the elevators, placed itself in a position inconsistent with its claim as a general creditor. By relying upon its security it did not assume the position of a preferred creditor, but only that of a secured creditor. If, having waived its security, except to the extent necessary to show that Phillips had sustained no damages warranting a recovery by him in conversion, it seeks to sequester the assets of the defendant mercantile company for the benefit of itself and the general creditors. I can see nothing inequitable or inconsistent in allowing the plaintiffs the relief sought, so long as the defendants are given full credit for the value of the property already obtained by the John Miller Company, and so long as that company is properly charged with its receipt.

CHRISTIANSON, Ch. J. I concur in the foregoing opinion prepared by Mr. Justice Birdzell.