SECURITY STATE BANK, a Corporation, v. THOMAS KRACH.

(161 N. W. 568.)

**Vendor — land contract — suit to cancel — judgment entered canceling contract — purchase price — action to recover — will not lie.**

1. Where the vendor in a land contract has elected to cancel the same, and has secured a judgment canceling the contract and restoring the land to him, he cannot afterwards bring an action and recover the purchase price.

**Land — sold under contract — purchase price — secured by notes and mortgage — action on — rent during grantee's possession — no recovery.**

2. Where a mortgage and notes are given to secure the payment of the purchase price of land sold under a land contract which is afterwards canceled, such mortgage cannot be foreclosed and a judgment obtained on a claim for rent during the term of the possession of the vendee.

**Mortgage on crops — foreclosure — action to — seizure of grain — identification of — proof — burden of.**

3. Where a party seeks to foreclose a mortgage upon the crops grown upon a certain piece of land and to subject the grain thereto, the burden of proof is upon him to show that the grain seized was raised upon the land covered by the mortgage.

Opinion filed December 14, 1916. Petition for rehearing denied March 3, 1917.

Appeal from the District Court of Hettinger County. Honorable *W. C. Crawford,* Judge.

Action to foreclose chattel mortgages. Judgment for plaintiff. Defendant appeals.

Reversed.

*Jacobsen & Murray,* for appellant.

"A vendor under an executory contract for the sale of land who has clearly elected to cancel the contract and not abide by it has no right of action for the unpaid balance of the purchase price." Roney v. H. S. Halvorsen Co. 29 N. D. 13, 149 N. W. 688; Palmer v. St. Elmo Invest. Co. — Cal. —, 29 Pac. 507; 39 Cyc. 1924.

In foreclosure action on a chattel mortgage, where grain is seized, the burden of proof is upon plaintiff to show that the grain so taken was raised on the land described in his mortgage, and by the mortgagor. Martin v. Hawthorn, 3 N. D. 412, 57 N. W. 87.

*Harvey J. Miller (Otto Thress,* of counsel), for respondent.

Upon rescission by the vendor of a land contract, the purchaser is to be charged with a fair rental value of the land from the time he acquired possession. 39 Cyc. 1403 (v).

The contract between the parties created no lien in favor of the vendor on the crop after severance. The mortgage in this case should be declared to be a lien on the crop for the reasonable rental of the land during the occupancy thereof by the mortgagor. Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 101, 128 N. W. 691, Ann. Cas. 1913B, 631.


BRUCE, J.   This is an action to foreclose three chattel mortgages on crops grown on the east half of the southwest quarter and the west half of the southeast quarter of section 4, twp. 136, range 97, in Hettinger county, North Dakota. Judgment was rendered for the plaintiff. The defendant appeals, and asks for a trial *de novo.*

Two of the mortgages appear to have been given to the plaintiff directly. The third was purchased by the plaintiff from the International Harvester Company.

The defense of the defendant is "that a part of the wheat seized was not covered by any of the mortgages; that the International Harvester Company mortgage did not cover any of the grain seized; that the oats

and the balance of the wheat seized were covered only by the mortgages to the plaintiff securing the purchase price of certain land which was taken back by the defendant, and that such mortgages were unenforceable at the time of the commencement of this action and at the time of the trial, and were void and no liens upon the grain or anything else."

We have first to determine whether any lien on or right to the crops raised in 1912 existed in the plaintiff, the Security State Bank, by reason of the chattel mortgages executed to it on October 27th, 1911, and which mortgages covered not merely the grain raised on section 4, but that raised on section 9.

There seems to be no dispute; at any rate we find from the evidence that these mortgages were given for the purchase price of the land under an executory land contract.

There also can be no question that prior to the commencement of the present action, and on the 15th day of February, 1913, the grantor served upon the defendant a written cancelation of said contract, and thereafter, and on the 9th day of March, 1914, secured a judgment canceling said contract and restoring the land to him.

These being the facts, it is clear to us that the plaintiff cannot now in this action recover anything on the purchase price of the land, and as this is all the consideration there is for the notes and mortgage, that that consideration has failed. Roney v. H. S. Halvorsen Co. 29 N. D. 13, 149 N. W. 688; Palmer v. St. Elmo Invest. Co. — Cal. —, 29 Pac. 508.

Plaintiff, however, contends that the last-mentioned action and the present one are separate and distinct. He contends that on the rescission by a vendor of an executory land contract, the policy of the courts is to place the parties *in statu quo,* and that, though the election to rescind the contract debars the vendor from suing for, or recovering, the unpaid purchase price, he nevertheless is entitled to recover for the value of the use of the premises while in the vendee's possession.

This may be true, but the action before us is not for the recovery of rent, but for the foreclosure of the mortgages, and the chattel mortgages were given, not to secure the payment of that rent, but the payment of the purchase price.

In so far as the right to recover on the mortgage which was pur-

chased by the bank from the International Harvester Company, other considerations apply, and there can be no question that a recovery can be had thereunder, provided that the grain on which the mortgage is sought to be foreclosed was raised on land covered by that mortgage.

We are satisfied, however, that the plaintiff has not proved this latter fact, and that the record tends to prove the contrary. We are satisfied also that the burden of proof was upon the plaintiff to establish this fact. Martin v. Hawthorn, 3 N. D. 412, 57 N. W. 87.

The International Harvester Company mortgage, unlike the others mentioned, did not cover the crops grown on section 9, but only those grown on the so-called homestead on section 4. The evidence of the deputy sheriff shows conclusively that the grain seized was either taken from what is termed "the small granary" on the farm or from "Freeman's elevator." The testimony of the defendant, which is corroborated by that of another witness, tends to show, if it does not conclusively show, that the grain grown on section 4 was neither stored in the so-called small granary, nor hauled to this elevator.

There is, therefore, a failure of proof. The judgment of the District Court is reversed and the cause is remanded with directions to enter judgment for the defendant, dismissing the complaint, and for his costs and disbursements. The plaintiff and respondent will pay the costs and disbursements of this appeal.

On Petition for a Rehearing. (Filed January 12, 1917.)

BRUCE, Ch. J. A petition for a rehearing has been filed, which first states that the court erred as to the time when the notice of cancelation was served. This matter, however, we deem to be immaterial, as it is conceded, or at least conclusively proved, that there was a judgment which canceled the contract, and that judgment would be controlling.

It is, however, also urged that as the plaintiff asks for judgment for the indebtedness which is evidenced by the International Harvester Company note as well as for a foreclosure of its chattel mortgage, it is at any rate entitled to a judgment for the amount of such note.

In this contention counsel is no doubt correct. Moher v. Rasmusson, 12 N. D. 71, 95 N. W. 152; Avery Mfg. Co. v. Crumb, 14 N. D. 57, 103 N. W. 410. The judgment heretofore ordered to be entered there-

for is hereby modified and the judgment of the District Court is reversed and the cause is remanded with directions to enter judgment for the plaintiff and against the defendant for the sum of $255, with interest from October 27, 1911, to October 1st, 1912, at the rate of 8 per cent per annum, and after the said first day of October, 1912, at the rate of 10 per cent per annum, together with the costs of the action in the District Court, but dismissing the action in all other respects. Plaintiff, however, will recover no costs or disbursements upon this appeal as the controversy here was over the chattel mortgages and the lien thereof rather than over the promissory note.