D. S. B. JOHNSTON LAND COMPANY, a Corporation, Appellant, v. C. C. WHIPPLE, Respondent.

(234 N. W. 59.)

Opinion filed December 31, 1930.   Rehearing denied January 16, 1931.

*Lawrence, Murphy, Fuller & Powers,* for appellant.

*B. F. Whipple,* for respondent.

BURR, J. The plaintiff, as party of the first part, executed a land agreement with one Herrington as party of the second part, for 320 acres of land, principally upon what is known as crop payments, but all to be paid on or before November 1, 1926. Possession was given Herrington and he made some payments.

This land agreement provides that after the sum of $8,000 with interest and taxes has been paid the plaintiff "will then sell said lands to second party, his heirs or assigns, and upon request at its office in St. Paul, Minnesota, and the surrender of this agreement will execute and deliver a deed for said land. . ˙. ."

Further: "That time is of the essence of this agreement and of every part thereof, and that not only the payments of the sums herein provided to be paid at the times and in the manner herein provided . ˙ . but also all and singular the other items, conditions . . . to be kept and performed by the second party are conditions precedent to the right of the second party, his heirs or assigns, to purchase said lands . . . and to the obligations of the first party to sell the same."

Further: "It is also mutually understood and agreed that at any time when any default shall exist on account of which first party shall have the right, at its option as hereinbefore provided, to declare this

contract null and void, the first party instead of exercising such option, may elect to treat the sums herein provided to be paid to be immediately due and payable, and in such event second party promises and agrees upon demand to pay the full amount thereof remaining unpaid and accrued interest, and first party may collect the same in a suit at law or otherwise."

Also: "It is also mutually understood and agreed that this agreement and the terms thereof shall bind and inure to the benefit of the first party and its successors and assigns and the second party, his heirs, executors, administrators, and assigns, but no assignment of this contract or any interest therein shall be valid unless endorsed hereon and signed by second party. . . ."

Under the contract title remains in the vendor as no deed was to issue until all payments were made. The agreement contains the further provision that "title and possession of all grain and crops raised in each year shall be and remain in said first party the vendor."

The vendee assigned his interest in this contract to the defendant; and plaintiff claims that by such assignment the defendant assumed and agreed to pay for the land in accordance with the terms of the contract.

The plaintiff decided not to exercise the option of declaring the "contract null and void" but commenced this action to foreclose the contract in a manner similar to the foreclosure of a real estate mortgage, and asked judgment for the amount due under the contract, that this amount be declared a lien against said land, that an order for sale of the land issue, and in case the land did not sell for the amount of the judgment, that he have judgment against the defendant for the deficiency. The trial court found that the sum of $7,356.83 with interest and some unpaid taxes was due under the contract; that the vendee "with the consent of the plaintiff assigned the said contract to the defendant and transferred all of said Geo. W. Herrington's right, title and interest in and to said real estate and premises and said contract to the said defendant . . ." and "the said assignee defendant . . . has paid to the plaintiff the sum of about $3,490.27 and there has been paid upon said contract a total sum of $4,240.36 together with such compliances with the terms of said contract with reference to improvements as has been heretofore made." The court however failed to find

specifically that there was a written acceptance of the assignment executed by the defendant. The trial court determined "that said land contract is in default, and plaintiff is entitled to a decree of foreclosure thereof and termination and forfeiture of the equitable interest of said defendant," but refused to enter an order for deficiency judgment in case the land did not sell for the sum due under the contract.

The plaintiff appeals, asking for a trial de novo. As stated by the respondent, "the sole issue of law is whether the plaintiff as vendor is entitled to take a deficiency judgment against the vendee or his assignee after a sale of the land described in the contract." There is practically no dispute in the evidence. The respondent points out that the record regarding the assignment to him and his assumption of liabilities under the contract is not as clear and precise as it might be, but he does not go to the extent of denying his acceptance of the assignment. In this respect testimony by deposition was given which might have been objected to as hearsay. However such objection was not made and therefore it is before us. Deponent testifies that the defendant did assume the liabilities. This acceptance it appears was on a printed form, and is substantiated by secondary evidence, to which there was no objection; nor was there any objection to the court making a finding to that effect. The defendant knew the contract contained a provision requiring vendor's approval of the assignment, and a provision making the terms binding on him; he acted under this contract and paid practically all that was paid on it. Hence there is no real controversy on the facts.

"Where a sale of land is evidenced by a contract only, and the purchase price has not been paid, and the vendor retains the legal title, the parties occupy substantially the position of mortgagor and mortgagee. The vendor has a lien for his purchase money by virtue of his contract." Roby v. Bismarck Nat. Bank, 4 N. D. 156, 160, 50 Am. St. Rep. 633, 59 N. W. 719. See also First Nat. Bank v. Zook, 50 N. D. 423, 429, 196 N. W. 507, 509.

.The general rule is that where in a contract for sale, the vendor reserves title "the transaction creates in equity the relation of mortgagor and mortgagee." See 11 Am. & Eng. Enc. Law, 2d ed. 131, and the general remedy of an equitable mortgagee is by bill in equity for a foreclosure of his mortgage (Id. 143). This lien has all the in-

cidents of a mortgage. Birdsall v. Cropsey, 29 Neb. 672, 44 N. W. 857; Wolffe v. Nall, 62 Ala. 24; Janney v. Habbeler, 101 Ala. 577, 14 So. 624; First Nat. Bank v. Edgar, 65 Neb. 340, 91 N. W. 404.

Our own statute, § 6861, gives the vendor a lien upon the land sold independent of possession for the amount of the purchase price remaining unpaid and otherwise unsecured. This lien is of no value to him if it cannot be foreclosed. Under the provisions of §§ 6720 and 6721 such a lien may be foreclosed. Being a lien with all the incidents of a mortgage it may be foreclosed as a mortgage.

Where a foreclosure is had by action it is governed by the law for foreclosure of mortgage by action. It is said that the court of equity in foreclosing the lien has no authority to order judgment for a deficiency. Under the provisions of § 8100, Comp. Laws, where an action is brought for the foreclosure or satisfaction of a mortgage "the court may direct the issuing of an execution for the balance that may remain unsatisfied after applying the proceeds of such sale." Under the provisions of § 8102 such action may also be taken against one whose obligation also secures the mortgage debt when this other person is made a party to the action, as in this case.

Our attention has not been called by either side to any specific decision of this court involving the question herein: but each side cites decisions claimed to be in harmony with its theory of the case. Respondent cites the case of Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623. This case holds that where a vendor begins an action for specific performance he is to be considered in the light of his relationship to the contract itself and under such relationship the "purchaser becomes the beneficial owner in equity and the vendor retains the legal title in trust for such vendee." In other words this classifies the contract as an equitable mortgage and the parties are in relationship of mortgagor and mortgagee. Respondent cites the case of Flanagan Estate v. Great Central Land Co. 45 Or. 335, 77 Pac. 485, and other cases in harmony therewith; but these cases deal with instances where a deed had been given and in such case it is held a vendor's lien, "does not exist (in Oregon) after title has passed."

While Schafer v. Olson, 50 N. D. 1, 132 N. W. 645, cited by appellant, is not directly in point—the real issue being the nature of the action in order to determine what law governed the amount of the

bond on appeal—yet it deals with the extent of the power of the trial court in equity. We held that while the action was one to foreclose a vendor's lien the bond required for appeal is governed by § 7212 of the Code of 1905 being § 7828 of the Comp. Laws, rather than §§ 7209 or 7213 of the 1905 Code, being §§ 7825 and 7829 of the 1913 Comp. Laws. These three sections cited provide for the amount of the bond in cases where the judgment was for the payment of money only, cases for the sale and delivery of real property other than mortgage foreclosures, and cases of mortgage foreclosure. We held that the action to foreclose a vendor's lien was not governed by the statute providing for bond in case of "a judgment directing the payment of money," nor was it governed by the statute providing for bond where the judgment "directs the sale of mortgaged premises;" but was governed by the statute which provided for a bond in cases directing "the sale or delivery of real property except in actions for foreclosure of mortgages." The point directly involved was not whether the effect of the foreclosure of the vendor's lien was the same as the foreclosure of a mortgage but the classification of appeal bonds in accordance with the nature of the action. Whether an action be for the recovery of money, or the foreclosure of a vendor's lien; or the foreclosure of a mortgage, in each case it asks for a money judgment; but the amount and form of the appeal bond differs. But we did make reference to the right of the court to "embody a personal judgment for the amount of the recovery, coupled with the usual foreclosure decree directing the sale of the premises." We said:

"While not passed upon in this state, there is no doubt as to the authority of the court to enter this twofold judgment in effect a personal judgment and a decree in equity combined, yet its rendition in such form cannot change the nature of the action of which it is but the conclusion."

This court further said referring to the trial court:

"The court having equitable jurisdiction . . . it was clothed with a right to render such judgment as was necessary to completely adjudicate all matters involved in the cause of action litigated. It saw fit to enter a judgment personal in form as it would do in a law action as a part of the relief adjudged and in aid of its main decree in equity. But the judgment remains primarily one of lien foreclosure directed

against specific real property; in effect by force of law governing foreclosures, a judgment to sell and deliver such property, the subject-matter of the action."

We are not so much concerned with the nature of the action as set forth in the pleadings so long as the facts show the plaintiff is entitled to relief. In Graham v. McCampbell, Meigs, 52, 56, 33 Am. Dec. 126, 128, the court says:

"We are not able to draw any sensible distinction between the cases of a legal title conveyed to secure the payment of the debt, and a legal title retained to secure the payment of a debt. In both cases courts of Chancery consider the estate only as security for the payment of the debt upon the discharge of which, the debtor is entitled to conveyance in the one instance and a re-conveyance in the other."

The respondent argues this action must be one in specific performance and therefore no judgment for deficiency can be obtained. If for specific performance the provision of the contract to be performed is the payment of the money and upon tendering of deed the vendor is entitled to a judgment for the money. He offers the deed and demands his money. The vendee has an equitable interest in the land because he has paid on the contract. There is nothing in the theory of specific performance which prevents a personal judgment. In an action for specific performance against the vendee in a contract for a deed judgment may be rendered against the vendee for the total amount of the purchase price due. See Paulson v. Hammond, 49 N. D. 265, 191 N. W. 462. "After the time fixed for delivering a deed has arrived a suit for the purchase money is necessary, by an action in equity." Shelly v. Mikkelson, 5 N. D. 22, 28, 63 N. W. 210. If he may recover judgment for the amount due on the purchase price the vendee has no complaint if the land he sold on foreclosure of the vendor's lien, for the amount realized is applied on his judgment. He is still liable on the judgment. The plaintiff has the option of cancelling the contract and recovering the land. In that case he would have "no right of action for the unpaid balance of the purchase price." See Roney v. H. S. Halversen Co. 29 N. D. 13, 149 N. W. 688. He did not choose to exercise this option; but sued for the remainder of the purchase price unpaid. The option given the vendor to have the contract cancelled and the land returned to him is not exclusive. He

is not required to exercise that option. He had a lien upon the land to secure the payment of this purchase price. However he was also entitled to a judgment against the debtor for the purchase price. The fact of a lien did not limit his right to a judgment for the amount due.

There is nothing in the contract which required him to look to the land alone for the purchase price. In the case of Roney v. H. S. Halversen Co. 29 N. D. 13, 149 N. W. 688, supra, it is clearly intimated that if the vendor does not choose to exercise an option to cancel the contract he may sue for the purchase price. Of course if he may sue he is entitled to judgment for the full amount due. The contract provides, as shown by the quotation heretofore given, that the provisions are binding upon the assignee of the vendee. By his acceptance of the assignment defendant accepted all of the conditions and stepped into the place of the vendee. The land stands as security for the debt. The defendant assumed the debt and it is not paid by the sale of the land except so far as the price received extinguishes the debt or a portion thereof. The remainder of the debt is still due. The assignee agreed to pay it. It is not claimed that he did. The vendor could foreclose his lien and there is this express provision in the contract that any unpaid portion of the purchase price may be collected "in a suit of law or otherwise." We see no difference in principle between the foreclosure of this lien, which certainly is an equitable mortgage, and the foreclosure of a regular mortgage containing similar provisions. Certainly it is not contended a deficiency judgment cannot be rendered on the foreclosure of a "regular" mortgage.

In Abbott v. Moldestad, 74 Minn. 293, 73 Am. St. Rep. 348, 77 N. W. 227, it is held that where the vendor brought an action in specific performance on an executory contract for the sale of land the vendee is the "beneficial owner of the premises even though he has not paid the purchase price," and the vendor has the right "to enforce specific performance . . . whereby the vendee's equitable estate under the contract is sold in pursuance of a judicial decree which will operate as an assignment of the vendee's rights under the contract, whereby it would not operate as a cancellation of the contract itself." The complaint asked for a deficiency judgment and the appellate court ordered judgment "in favor of plaintiffs for the relief demanded in the com-

plaint." See also Freeman v. Paulson, 107 Minn. 64, 131 Am. St. Rep. 438, 119 N. W. 651. The Circuit Court of Appeals in Ferguson v. Blood, 82 C. C. A. 482, 487, 152 Fed. 98, 103 says:

"Where one contracts to convey real estate to another upon the payment of the agreed price, retaining the title until payment is fully made, it is not very important, in our opinion, what the security so retained is called, whether a trust, a vendor's lien, an equitable mortgage, an equitable security, or any other kind of a lien. . . . Where the title is retained by the seller as security for the payment of the debt, the security is, in this country, very generally regarded as possessing all the essential features of a mortgage, and the vendor as standing for all personal purposes as mortgagee in relation to the vendee. . . . So regarded, there can be no doubt of the power of the court to render a deficiency judgment where, as in the present case, the sale of the vendee's interest in the property fails to bring enough to satisfy his debt."

Appellant does not dispute the findings of the court as to the amount due on the contract or the amount of payments made, neither does he raise any question as to the terms which the court gave to the vendee as time and manner of payment. These are assumed by this court to be correct. The complaint states appellant performed its part, and so a deed is tendered or will be forthcoming when purchase price is paid.

The order for judgment must be modified so as to provide that, in case the purchase price is not paid and the land is sold and there be a deficiency, judgment be rendered against the defendant for the amount of the deficiency. The case is remanded to the lower court for judgment in compliance with this decision.

BURKE, Ch. J., and BURR, NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.