[File No. 6028.]

F. W. VAIL, Receiver of the First National Bank of Mayville, N. D., an Insolvent Banking Corporation, Respondent, v. HANSEN EVESMITH and Mary Wilson Evesmith, Appellants.

(241 N. W. 719.)

Opinion filed March 17, 1932.

*J. E. Hendrickson,* for appellants.

*Charles H. Shafer,* for respondent.

CHRISTIANSON, Ch. J.· Plaintiff brought this action to cancel a con-

tract for deed to certain real property in this state. The plaintiff also seeks to recover judgment against the defendants for the interest due and unpaid upon the purchase price stipulated in the contract for deed and certain taxes, assessed against the real property in question, which plaintiff has paid. The complaint also alleges that certain bonds had been delivered by the defendants to the vendor named in the contract for deed, as collateral security for the payment of the notes evidencing the purchase price stipulated in such contract, and the plaintiff prays judgment that a decree of foreclosure be entered and the bonds so deposited as collateral security be sold and the proceeds of sale applied in satisfaction of the personal judgment. The trial court rendered judgment in favor of the plaintiff for all the relief demanded, and the defendants have appealed and demand a trial anew in this court.

The material facts are not in dispute. They are, substantially, as follows:

On March 20, 1920, the First National Bank of Mayville was the owner of certain real property situated in the city of Fargo. On that day it entered into an agreement with the defendants whereby it agreed to sell such property and convey the same to the defendants upon the payment of the sum of $10,500.00. Under the terms of the agreement the defendants agreed to pay all taxes and assessments that might thereafter be levied or assessed against the premises. The defendants were entitled to possession of the premises and entered into such possession. In May, 1926, an arrangement was made between the parties whereby a portion of the real property described in the contract for deed was conveyed by the First National Bank of Mayville to the defendants and the defendants paid to the First National Bank of Mayville an amount which reduced the sum remaining unpaid upon the original purchase price stipulated in the contract for deed to $3,023.00. It was understood and agreed between the parties that the contract for deed should remain in force between the parties as regards the real property described in the contract for deed, and not conveyed. Under the arrangement then made the defendants executed and delivered to the First National Bank of Mayville their promissory notes dated May 17, 1926, aggregating $3,023.00, in evidence of the amount remaining unpaid under the contract for deed. According to the terms of such

notes, $523.00 was payable on or before May 17, 1927; $50.00 and interest payable September 17, 1926 and $50.00 and interest payable on the 17th day of each month thereafter until the whole amount was paid. Said notes bore interest at the rate of 6% per annum. At the time of the delivery of such notes the defendants delivered to the First National Bank of Mayville certain bonds to be held by the bank as collateral security for the payment of said notes. The defendants failed to pay the promissory notes according to their terms and paid in all only $270.00. They also failed to pay certain taxes assessed against the premises described in the contract for deed and the plaintiff paid such taxes aggregating in all the sum of $287.93. The First National Bank of Mayville became insolvent and the plaintiff Vail was duly appointed receiver and the promissory notes, and the contract for deed, together with the bonds deposited as collateral security, came into the hands of the plaintiff as such receiver.

In May, 1930, the plaintiff brought this action. He alleged in his complaint the facts above stated and demanded judgment that the contract for deed be cancelled; that he recover of the defendants the sum of $287.93 with interest (for the taxes against the premises which had been paid by the plaintiff) and the further sum of $645.12 (the interest due upon the promissory notes executed and delivered May 17, 1926); that the bonds pledged as collateral security for such indebtedness be sold and the proceeds of such sale be applied in satisfaction of the judgment against the defendants. As said, the plaintiff prevailed and judgment was rendered as prayed for. The correctness of such judgment is challenged by the defendants on this appeal.

In our opinion the judgment is erroneous and must be reversed. This is not a case where the vendee has repudiated or abandoned the contract. Dennis v. Pease, 61 N. D. 718, 240 N. W. 611; Raasch v. Goulet, 57 N. D. 674, 223 N. W. 808. Neither is it a case where the contract has been cancelled and terminated by means of a statutory proceeding pursuant to notice Comp. Laws 1913, §§ 8119, et seq. While the defendants in this case have made default, they have neither repudiated nor abandoned the contract. They do not claim that they are relieved from the obligations which they have assumed under the contract. On the contrary, they insist that the rights and obligations of

the parties are measured by the terms of the contract. The plaintiff seeks to have the contract cancelled and terminated, without affording the defendants any opportunity to make redemption. He, also, seeks to recover a portion of the purchase price. This he may not do. He cannot both cancel the contract and recover the purchase price. Roney v. H. S. Halvorson Co. 29 N. D. 13, 149 N. W. 688; Security State Bank v. Krach, 36 N. D. 115, 161 N. W. 568. Upon defendants making default, the plaintiff had a choice of remedies. He might have cancelled the contract by a statutory proceeding (Comp. Laws 1913, §§ 8119, et seq.); he might have maintained an action to cancel the contract (Raad v. Grant, 43 N. D. 546, 169 N. W. 588; Ryan v. Bremseth, 48 N. D. 710, 186 N. W. 818); or he might have foreclosed the contract by action and obtained a judgment against the defendants for the amount due upon the purchase price, and had the bonds held as collateral and the defendants' interest in the land, sold at judicial sale and the proceeds applied upon the judgment. D. S. B. Johnston Land Co. v. Whipple, 60 N. D. 334, 234 N. W. 59. But in such proceeding, or in either of such actions, the rights and obligations of the respective parties created by or arising out of the contract would have been recognized and given effect. If plaintiff had availed himself of the statutory proceeding the defendants would have been notified of the amount due upon contract and given the statutory period "in which to perform the conditions or comply with the provisions upon which default" had occurred (Comp. Laws 1913, § 8122; Hammer v. Woodworth Elevator Co. 55 N. D. 449, 214 N. W. 251); and if they failed to make payment and the contract was cancelled, they would be relieved from liability for the unpaid portion of the purchase price. Roney v. H. S. Halvorson Co. 29 N. D. 13, 149 N. W. 688, supra; Security State Bank v. Krach, 36 N. D. 115, 161 N. W. 568, supra. If an action had been instituted to cancel the contract the amount of the indebtedness would have been determined and they would have been afforded an opportunity to make redemption. Raad v. Grant, and Ryan v. Bremseth, supra. If the contract had been foreclosed by action and the interests of the defendants in the real property sold they would, of course, have been afforded the right of redemption as a matter of course. As was said by this court in Raad v. Grant, supra:

"It has been the policy of our laws for a long period of years that executory contracts for the sale of land shall not be canceled, and payments thereon forfeited, without first affording the vendee an opportunity to comply with the terms, and obviate the cancelation of the contract. The vendor may not by stipulation in the contract reserve the right to declare a cancelation; nor can he declare such cancelation except by service of written notice stating the grounds of default. Comp. Laws 1913, 8119–8122. Under the original statute enacted in 1903 (Laws 1903, chap. 204), the vendee was allowed 'thirty days after the service of the notice upon him, in which to perform the conditions or comply with the provisions upon which the default shall have occurred.' And such compliance obviated a cancelation, and caused the contract to remain in full force. 8122, supra. This policy was not only continued in force by chapter 151, Laws 1917, but the time allowed to the vendee in which to make compliance was extended to six months. Of course, where a contract is sought to be canceled by an equitable action, the court is required to proceed on equitable principles and render such judgment as the equities in the case justify." Raad v. Grant, 43 N. D. 546, 555, 556, 169 N. W. 588.

This language and reasoning is directly applicable here.

The judgment entered in this case peremptorily cancelled and terminated the contract and awarded personal judgment against the defendants for a portion of the purchase price. The defendants were not afforded any opportunity to make redemption . This judgment is clearly contrary to the well settled principles epitomized in Raad v. Grant, supra. Under the facts established by the undisputed evidence in this case the plaintiff might either foreclose the contract, have judgment for the amount of the purchase price, and have the properties sold and the proceeds at sale applied in satisfaction of the judgment (D. S. B. Johnston Land Co. v. Whipple, 60 N. D. 334, 234 N. W. 59, supra) ; or he might have judgment ordering a cancellation of the contract, with provision for a reasonable period of time to the defendants in which to pay the amount due under the contract (Raad v. Grant, 43 N. D. 546, 169 N. W. 588, supra; Ryan v. Bremseth, 48 N. D. 710, 186 N. W. 818, supra). Whether the present complaint contains aver-

ments sufficient to warrant either of these forms of relief is a question on which we express no opinion.

The judgment appealed from is reversed and the cause is remanded with directions that the plaintiff be required to elect whether to foreclose the contract, or to have the same cancelled; and permission is granted to the respective parties to file such amended pleadings as may be necessary to present the pertinent issues, and obtain final disposition of the action. It is so ordered.

BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.